IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUN 28 2011

WILLIS M. MADDEN, M.D. )
)
　　　　　　Plaintiff, )
)
v. ) Civil Action No. 3:11CV241-HEH
)
COMMONWEALTH OF )
VIRGINIA, et al., )
)
　　　　　　Defendants. )

## MEMORANDUM OPINION
(Defendants' Motion to Dismiss)

Willis Madden ("Plaintiff") brings this action for money damages and seeks an injunction reinstating his license to practice medicine. The action is brought against the Commonwealth of Virginia ("the Commonwealth"), specifically its Department of Health Professions ("the Department") and the Virginia Board of Medicine ("the Board"); Sandra Rylas, Director of the Department; and Jane Piness, M.D., President of the Board.[1] This matter is now before the Court on the Commonwealth's motion to dismiss the claims against the Commonwealth, the Department, and the Board pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[2] The parties have submitted detailed memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal conclusions are adequately presented in the materials presently before the Court and

---

[1] Defendants Rylas and Piness have been sued both in their official and individual capacities.
[2] Plaintiff served the Commonwealth of Virginia on April 22, 2011 but has yet to serve Defendants Rylas and Piness.

argument would not aid in the decisional process. For the reasons stated herein, the Commonwealth's motion will be granted and the claims against the Commonwealth of Virginia, the Department of Health Professions, and the Board of Medicine will be dismissed.

According to the complaint, on February 24, 2006, Plaintiff was notified by the Board that licensees with three or more paid claims in a ten-year period were required by § 54.1-2912.3 of the Code of Virginia to obtain a competency assessment. On May 2, 2006, Plaintiff was notified by Dr. William Harp, Executive Director of the Board, that his record of paid claims included two claims in 2004 and one in 2005 for $42,500, $140,000, and $10,000 respectively, thereby requiring him to complete a competency assessment by May 2, 2007. Plaintiff initially agreed to proceed with the assessment, but on March 8, 2007, he requested relief from having to obtain the assessment, citing a proposed amendment to § 54.1-2912.3, which had not yet been enacted but would ultimately be passed by the General Assembly on April 4, 2007. The amendment requires competency assessments after "three medical malpractice judgments or medical malpractice settlements of more than $10,000" rather than after three "paid claims" as it had been prior to the amendment. *See* Va. Code § 54.1-2912.3. Dr. Harp responded by advising Plaintiff that since the amendment had not been signed by the Governor and would not go into effect until July 2, 2007, Plaintiff was still required to submit to a competency assessment.

On October 5, 2007, the Board issued a summary order finding that Plaintiff may have violated certain laws relating to the practice of medicine in Virginia and suspending

his license to practice medicine pending a formal administrative hearing. In lieu of this formal hearing, the Board and Plaintiff agreed to enter into a Consent Order, and the Order was signed on February 21, 2008. The Order found that Plaintiff had violated § 54.1-2915.A(13), (16) because, among other reasons, Plaintiff had failed to complete a competency assessment pursuant to § 54.1-2912.3 within the twelve-month period ending May 2, 2007 after being identified as a practitioner with three paid medical malpractice claims against him in a ten-year period.

In March of 2008, Plaintiff underwent a competency assessment with the University of Wisconsin and received a negative evaluation. On July 2, 2009, after a hearing, the Board denied Plaintiff's petition to reinstate his medical license, renewed the suspension indefinitely, and ordered that he not seek reinstatement for a period of 18 months.

Plaintiff contends that because the Board "approved a delay in [Plaintiff's] having to take and complete the competency assessment" past July 1, 2007, the date the amendment to § 54.1-2912.3 went into effect, the amended statute should have been applied to his case, (Compl. ¶ 43) and that because one of the malpractice claims against him was a settlement which did not *exceed* $10,000, it was "inappropriate and illegal to require [him] to undergo a competency assessment." (*Id.* ¶ 46.) Plaintiff further contends that the Board misinterpreted § 54.1-2912.3 by giving it retrospective effect in the sense that claims paid before the statute was passed were used in tallying "three paid claims within a ten-year period." Plaintiff contends that the Board's interpretation of this statute was arbitrary and capricious and resulted in a denial of due process.

3

"'Federal courts are courts of limited jurisdiction and the threshold requirement in every federal case is jurisdiction.'" *Bailey v. United States*, No. 3:09cv600, 2010 WL 3938251, at *1–2 (E.D. Va.) (quoting *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n*, 893 F.2d 968, 969 (8th Cir. 1990). "Under Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists in federal court." *Id.* at *2.

The Eleventh Amendment bars a private individual from suing a state in federal court. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 962, (2001). The Eleventh Amendment applies "not only [when] a State is actually named as the defendant, but also [when] state agents or state instrumentalities [are the defendants]." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 903 (1997). "Where sovereign immunity bars the claim, the court lacks subject matter jurisdiction and must dismiss the case." *Bailey*, No. 3:09cv600, 2010 WL 3938251, at *1 (E.D. Va. Oct. 5, 2010) (citing *Kramer v. United States*, 843 F. Supp. 1066, 1068 (E.D. Va. 1994)). Federal courts will only have subject matter jurisdiction over a suit by a private individual against a state when either: (1) the state consents to be sued in federal court, or (2) Congress has abrogated the states' Eleventh Amendment immunity through a "clear expression of legislative intent to abrogate" that is exercised pursuant to Congress' power under § 5 of the Fourteenth Amendment. *CSX Transp., Inc. v. Board of Public Works of W. Va.*, 138 F.3d 537, 539–40 (4th Cir. 1998) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 58, 116 S. Ct. 1114, 1125 (1996)).

The "test for determining whether a state has waived its immunity from federal-court jurisdiction is a stringent one." *College Sav. Bank v. Fla. Prepaid Postsecondary*

*Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999) (internal quotations and citations omitted). Waiver will only be found if the state voluntarily invokes federal jurisdiction, such as by removing the case to federal court, or else if the state makes a clear declaration that it intends to submit itself to federal jurisdiction, by enactment of a state tort claims act, for example. *Id.* at 675–76; *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

Plaintiff claims federal jurisdiction in this case under the Fourteenth Amendment and 42 U.S.C. § 1983. (Compl. ¶ 4.) Although Congress has the power to abrogate the Eleventh Amendment in accordance with its power under § 5 of the Fourteenth Amendment, *see Seminole Tribe*, 517 U.S. at 56–59, a plaintiff cannot clear the bar imposed by the Eleventh Amendment simply by pleading violations of the Fourteenth Amendment. Instead, he must bring the claim pursuant to a federal statute specifically abrogating the states' Eleventh Amendment immunity. *See id.* (discussing at length that abrogation of the Eleventh Amendment requires an act of Congress).

42 U.S.C. § 1983 is the appropriate vehicle by which individuals can sue in federal court for "the deprivation of any rights, privileges, or immunities secured by the Constitution" and is the statute under which Plaintiff is claiming federal jurisdiction in this case. However, Congress has not abrogated states' Eleventh Amendment immunity with regard to § 1983. *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139 (1976).[3]

---

[3] Moreover, even if the Eleventh Amendment somehow did not bar the action against the Commonwealth, the claims would still fail as a matter of law. A cause of action under § 1983 must allege a deprivation of a constitutional right by a "person" acting under color of law. 42 U.S.C. § 1983. The U.S. Supreme Court has held that "neither a State nor its officials acting in

5

In this case, the Commonwealth has not consented to this suit, nor has Plaintiff brought this suit under a statute abrogating the Commonwealth's Eleventh Amendment immunity. Therefore, the Eleventh Amendment bars federal jurisdiction over Plaintiff's claims against the Commonwealth and its instrumentalities. Plaintiff appears to concede this in his Memorandum in Opposition to the Commonwealth's Motion to Dismiss. However, Plaintiff contends that despite the Eleventh Amendment, injunctive relief is still available in federal court under the exception set forth in *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), "which permits a federal court to issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). However, this exception only applies to suits against individuals acting as officers of the state; it does not apply in suits against the state itself. *See Ex parte Young*, 209 U.S. at 155–56; *McBurney*, 616 F.3d at 399. Since the motion to dismiss currently before the Court only concerns the claims against the Commonwealth and not the claims against Defendants Rylas and Piness, the exception for injunctive relief set out in *Ex parte Young* does not apply.

In sum, the claims against the Commonwealth are barred by the Eleventh Amendment, and the Court thus lacks subject matter jurisdiction over the claims against the Commonwealth of Virginia and its instrumentalities. Accordingly, the motion to dismiss will be granted for all counts against the Commonwealth of Virginia, the

---

their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).

Department of Medical Professions, and the Board of Medicine. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: June 27, 2011
Richmond, VA